SILAS HAMILTON *versus* INHABITANTS OF PHIPSBURG.

To render the votes of a town meeting legal, it must appear, from the return upon the warrant, that the places where the attested copies thereof were posted were public and conspicuous places.

The vote of a town, at a legal meeting, adopting or ratifying the proceedings of a prior illegal meeting, can be regarded as adopting or ratifying such proceedings only to the precise extent indicated by such vote.

ON REPORT.

ASSUMPSIT on a promissory note for $160,20, dated March 11, 1865, payable in one year and interest; and for bounty to the plaintiff and aid to his family, in consideration of his enlisting and serving as a volunteer in the U. S. army from said town, from July 29, 1861, until June 28, 1865.

The plaintiff introduced the record of art. 2, of a warrant calling a meeting of defendant town, to be held May 11, 1861, which article is as follows : — " To determine what appropriation the town will make for the families of those persons who may enlist as volunteers under the provisions of the Acts of the Legislature, passed at its late extra session."

The return upon the warrant did not describe the places, where the " attested copies of the warrant" were posted, to be " public and conspicuous places."

Record of the vote under article 2, which appropriated certain specific sums to the families of volunteers, " and, after being mustered into the service and marched beyond the limits of this State, the town to pay each non-commissioned officer and private, $5 per month in addition to the pay from the State, and while they remain in the service of the United States."

Plaintiff also put in record of art. 8, of a warrant for a town meeting to be held March 3, 1862, — " To see what action the town will take in relation to supplies to families of volunteers, * * * and to raise money for the same, if deemed expedient." Also, the return on same, which was same as the former. Also, the vote of the town under this article, which fixed supplies at the same sums named in the former vote.

Also, of art. 12, of a warrant for town meeting to be held March 2, 1863, — " To see if the town will raise by loan or otherwise a sum of money sufficient to pay all the discharged soldiers $5 per month, as voted in 1861, for the time they were absent from the State, in the U. S. service, according to said vote of 1861." Also, of the return upon

said warrant, which was legal. Also, of the vote under article 12, — " Voted, that the selectmen be authorized to raise $1500, by loan, to pay all soldiers whatever may be due them with regard to $5 per month, voted in 1861."

Also, of art. 18, of a warrant for town meeting to be held March 7, 1864, — " To see what action the town will take in relation to the $5 per month now paid to volunteers." Also, of the return, which was legal.

Also, of the vote under art. 18, — " Voted to pay the $5 per month bounty to all who enlisted in the U. S. service prior to Jan. 1, 1862; the time of such monthly pay to be from the date of enlistment to the date of discharge, but no such time for said monthly pay shall extend beyond July 1, 1864."

Plaintiff testified that the vote of 1861 was the inducement to his enlistment; that he enlisted, and was mustered in July 29, 1861, and was discharged Dec. 13, 1863; that he re-enlisted, and was discharged June 28, 1865; that he had never received the monthly pay of $5, and had demanded it. The view taken by the Court renders it unnecessary to report evidence put in by the defence in regard to payment of the aid appropriated to volunteers' families.

The case was continued on report, the Court to draw such inferences as a jury might, and to render such judgment as law and evidence required.

*Libbey & Snow*, for the plaintiff.

*Gilbert*, for the defendants.

APPLETON, C. J. — By R. S., c. 3, § 7, town meetings are to be notified by " posting up an attested copy thereof (of the warrant) in some public and conspicuous place in said town, seven days before the meeting." It does not appear by the return of the constable to whom the warrant was directed, nor in any other mode, that the places where the attested copies thereof were posted were either public or conspicuous places. Nor does it appear that the town

had appointed a different mode of notice. No motion to amend the return has been made. The various town meetings, except that holden March 7, 1864, were illegal. *Fossett* v. *Bearce*, 29 Maine, 523 ; *Bearce* v. *Fossett*, 34 Maine, 575.

The vote of the town, at the meeting holden on the 7th March, 1864, does not touch the aid to be furnished the family of the soldier. It is "to pay the five dollars per month bounty to all who enlisted in the service of the United States prior to Jan., 1862, the time for such monthly pay to be from the date of the enlistment to the date of discharge." The plaintiff was discharged on his first enlistment on 13th Dec., 1863, and is entitled to his town bounty up to that time and no longer. The vote at the last town meeting, which was the only legal one, can be regarded as an adoption or ratification of the preceding illegal doings of the town to the precise extent indicated by the vote and not beyond it. That is, the defendants had, at a town meeting held previous to the plaintiff's enlistment, promised to pay the sum of five dollars per month, as town bounty, to all who should thereafter enlist, and to make certain provision for the families of those so enlisting. The meeting at which these votes were passed was illegal for the reason already given. At a subsequent legal meeting, the town partially adopted and sanctioned their former doings, and thus far are to be held liable. Stat. 1866, c. 59.

Judgment for the plaintiff for the note in suit, and for five dollars per month, from the date of the first enlistment to that of the first discharge.

CUTTING, WALTON, DICKERSON and BARROWS, JJ., concurred.